# MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 19 2015, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEYS FOR APPELLANT

Kurt V. Laker
Mark S. Gray
Craig D. Doyle
Doyle Legal Corporation, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

James M. Yannakopoulos
Koransky, Bouwer, and Poracky, P.C.
Dyer, Indiana

---

## IN THE
# COURT OF APPEALS OF INDIANA

---

Horizon Bank, N.A.,

*Appellant-Defendant*,

v.

Centier Bank,

*Appellee-Plaintiff*.

November 19, 2015

Court of Appeals Case No.
46A04-1409-MF-408

Appeal from the LaPorte
Superior Court

The Honorable Richard R.
Stalbrink Jr., Judge

Trial Court Cause No. 46D02-
1212-MF-772

**Brown, Judge.**

Horizon Bank, N.A. ("Horizon") appealed the denial of its motion for relief from default judgment, and in a memorandum decision this court found that Horizon established that its failure to timely respond to the complaint of Centier Bank ("Centier") constituted excusable neglect, that it had alleged a meritorious defense, and thus that it was entitled to relief from the default judgment under Trial Rule 60(B)(1). *Horizon Bank, N.A., v. Centier Bank*, No. 46A04-1409-MF-408, slip op. at 10-12 (Ind. Ct. App. August 18, 2015). We concluded that Horizon demonstrated excusable neglect based on the relatively short length of delay, the security interest of Horizon and the amounts at issue, the fact the complaint referenced a mortgage securing a previous loan which had been paid in full, the absence of evidence of prejudice to Centier and the substantial evidence of prejudice to Horizon, and the severity of the sanction of default judgment. *Id*. at 10. We also concluded that Horizon alleged a meritorious defense by claiming that Centier had entered into the Subordination Agreement pursuant to which it agreed to subordinate the Centier Mortgage to the Horizon Mortgage. *Id.* at 11. We reversed the trial court's denial of Horizon's motion for relief from default judgment and remanded for further proceedings. *Id.* at 11-12. Centier has petitioned for rehearing asserting a lack of evidence presented by Horizon in support of its motion. We grant its petition, not for the reason asserted, but in light of a recent decision by our Supreme Court.

Since our decision in this case, the Indiana Supreme Court handed down *Huntington Nat. Bank v. Car-X Associates Corp.* (filed August 21, 2015), Ind. No.

64S04-1504-MF-187, slip op. at 6-8, finding no grounds for relief under Trial Rule 60(B)(1), but remanding for consideration under Trial Rule 60(B)(8). Under Trial Rule 60(B)(8), a judgment may be set aside for "any reason justifying relief from the operation of the judgment" other than those set forth in sub-paragraphs (1) through (4). In *Huntington*, after discussing whether Huntington was entitled to relief under Trial Rule 60(B)(1), the Court turned its attention to Trial Rule 60(B)(8) "in order to resolve whether under the circumstances the trial court abused its discretion in failing to set aside the default judgment for equitable reasons . . . ." *Huntington*, slip op. at 6. The Court observed that, in addition to claiming its prior mortgage as a meritorious defense to Car-X's underlying suit, Huntington listed five considerations in support of setting aside the default judgment for equitable reasons: (1) its substantial interest in the real estate through its mortgage; (2) its "excusable reason" for untimely responding; (3) its quick action to set aside the default judgment once the complaint and summons were discovered; (4) its significant loss if the default judgment was not set aside; and (5) the minimal prejudice to Car-X should the case be reinstated. *Id.* at 7. The Court then concluded: "We think it best to remand to the trial court to reevaluate Huntington's motion upon consideration of these and all relevant circumstances—especially Huntington's meritorious defense to the underlying suit, the substantial amount of money involved, and the lack of prejudice to Car-X." *Id.* (footnote omitted). The Court also noted that default judgment is

an extreme remedy and is not a trap to be set by counsel to catch unsuspecting litigants and should not be used as a "gotcha" device. *Id.*

[3] Although sub-paragraph (8) was not specifically identified in this case, we note that Horizon, similar to Huntington in *Huntington*, identified equitable considerations in support of its motion for relief from the default judgment. First, Horizon alleged in its Trial Rule 60(B) motion that it has a lien on the Property under the Horizon Mortgage which, according to the Subordination Agreement recorded in 2012, has priority over the Centier Mortgage, and thus that it has a substantial interest in the Property. Second, Horizon identified its "excusable reason" for untimely responding, specifically, that Centier's complaint referenced Horizon's 2008 mortgage, which had secured a loan that had been paid in full. Third, Horizon alleged facts that it took quick action to file its motion for relief from default judgment once the foreclosure action was discovered, and it attached an affidavit to its motion stating that it first became aware of the foreclosure action on November 6, 2013 when it received a copy of an objection in John Pouzar's Chapter 13 bankruptcy proceedings, and it filed its motion for relief nine days later. Fourth, Horizon set forth facts that it would incur a substantial loss if the default judgment was not set aside. Fifth, Horizon presented facts that there would be no prejudice to Centier should the case be reinstated. As noted in our memorandum decision, the priority of the parties' security interests in the Property can be resolved based on the 2005 Centier Mortgage, recorded in October 2005, and the 2011 Horizon Mortgage and the Subordination Agreement of Mortgage recorded in January 2012, and

the availability of those documents was not impacted by Horizon's delay. Horizon's counsel argued at the January 17, 2014 hearing that Centier knew that Horizon was still involved with the loan, that Centier had signed subordination agreements in 2007, 2008, and 2011 with respect to Horizon's mortgages which specifically subordinated the 2005 Centier Mortgage, and thus that Centier "was well aware [it was] in a second position and that Horizon was actively involved with this loan." Transcript at 6. Horizon made these and other equitable arguments on appeal. Finally, Horizon alleged a meritorious defense to the underlying suit based on the subordination agreements as discussed in our memorandum decision.

[4] Based on the record and in light of *Huntington*, we remand to the trial court to evaluate whether Horizon is entitled to relief from the default judgment under sub-paragraph (8) upon consideration of these circumstances. *See Huntington Nat. Bank v. Car-X Associates Corp.* (filed August 21, 2015), Ind. No. 64S04-1504-MF-187, slip op. at 7.

[5] We grant Centier's petition for rehearing and remand to the trial court to evaluate whether equitable reasons under sub-paragraph (8) support granting Horizon's motion for relief from the default judgment.

Crone, J., and Pyle, J., concur.